**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 10-cv-03050-REB-BNB

REGINA RESSLER, and
RANDY RESSLER,

      Plaintiffs,

v.

THE BOEING COMPANY, INC.,
BE AEROSPACE, INC., and
BURNS AEROSPACE CORPORATION,

      Defendants.

---

Civil Action No. 10-cv-03051-CMA-BNB

ALBERT FELIPE, and
MEAGAN FELIPE,

      Plaintiffs,

v.

THE BOEING COMPANY,
BE AEROSPACE, INC., and
BURNS AEROSPACE CORPORATION,

      Defendants.

---

## ORDER GRANTING UNOPPOSED MOTION TO CONSOLIDATE

**Blackburn, J.**

      The matter before me is the parties' **Unopposed Motion To Consolidate** [#15][1]

---

[1] "[#15]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

filed January 31, 2011.  I grant the motion.

The determination whether to consolidate cases is governed by Rule 42(a) of the Federal Rules of Civil Procedure, which provides, pertinently:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

**FED. R. CIV. P.** 42(a).[2]  This rule allows the court "to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties."  *Breaux v. American Family Mutual Insurance Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 C. WRIGHT & A. MILLER, **FEDERAL PRACTICE AND PROCEDURE** § 2381 at 427 (2nd ed. 1995)).  The decision whether to consolidate cases is committed to my sound discretion.  *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978).

It is clear that common questions of law and fact predominate in these two cases such that consolidation will be appropriate and efficacious.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the parties' **Unopposed Motion To Consolidate** [#15] filed January 31, 2011, is **GRANTED**;

2.  That pursuant to Fed. R. Civ. P. 42(a)(2) and D.C.COLO.LCivR 42.1, Civil Action No.10-cv-03051-CMA-BNB is **CONSOLIDATED** with Civil Action No.10-cv-

---

[2]  As the district judge to whom the oldest numbered case involved in the proposed consolidation is assigned for trial, the question whether to consolidate these matters falls to me for determination.  *See* **D.C.COLO.LCivR** 42.1.

03050-REB-BNB for all purposes;

    3.  That all future filings in these consolidated actions shall be captioned as shown below:

---

Civil Action No. 10-cv-03050-REB-BNB
(Consolidated with Civil Action No.10-cv-03051-REB-BNB)

REGINA RESSLER, and
RANDY RESSLER,

    Plaintiffs,

v.

THE BOEING COMPANY, INC.,
BE AEROSPACE, INC., and
BURNS AEROSPACE CORPORATION,

    Defendants.

---

    Dated June 2, 2011, at Denver, Colorado.

**BY THE COURT:**

*[Signature: Bob Blackburn]*
Robert E. Blackburn
United States District Judge