**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:10-cv-03050-REB-BNB
(Consolidated with Civil Action Nos. 10-cv-03051-REB-BNB, 11-cv-01832-REB-BNB, 11-cv-01874-REB-BNB, and 11-cv-02253-REB-BNB)

REGINA RESSLER, and
RANDY RESSLER,

    Plaintiffs,

v.

THE UNITED STATES OF AMERICA,

    Defendant.

---

<s>CONFIDENTIALITY AGREEMENT AND</s> PROTECTIVE ORDER

---

Pursuant to the applicable Federal Rules of Civil Procedure and Local Rules of Practice of the United States District Court for the District of Colorado - Civil, this <s>Confidentiality Agreement and</s> Protective Order governs the disclosure of non-public Confidential Information, Trade Secrets, and Proprietary Information (as defined below), which are collectively referred to in this Order as "Confidential Material." **"Confidential Material" includes that material subject to protection pursuant to Fed. R. Civ. P. 26(c)(1) and by law.**

<s>Definitions</s>

    a.    <s>"Confidential Information" includes Trade Secrets, financial and commercial information not publicly known, and personally sensitive information, including, without limitation, information concerning settlement agreements, confidential medical and health information, and information protected by the Privacy Act.</s>

    b.    <s>"Trade Secrets" constitute information that is used in one's business and which gives one an opportunity to obtain an advantage over a competitor. It may</s>

1

~~include a formula, design, pattern, compilation, analysis, program, device, manual, technique or process.~~

~~c.    "Proprietary Information" includes Trade Secrets, plans for development, new products and services; marketing, selling and business plans; budgets and unpublished financial statements; manuals; strategies; training methods and techniques; non-public studies; and information regarding the skills and compensation of company employees.~~

**The Court hereby orders that**:

1.   Confidential Material shall not be used for any other purpose than this Litigation, including any business or commercial purpose.

2..   Previously-designated Confidential Material shall be filed with the Court only as provided in D.C.COLO.LCivR 7.2, except as allowed or instructed by the Court. ~~Before filing material that has not been previously designated as "Confidential," but which the offering party believes may fall under the definitions of Confidential Material herein, the offering party shall give the Producing Party three (3) business days notice so that the Producing Party may have the opportunity to designate the material as "Confidential" as described below. If the offering party must file the materials before the materials are or are not designated as "Confidential," the offering party shall file the materials under seal pursuant to D.C.COLO.LCivR 7.2., and the Producing Party shall follow the procedures in the Rule.~~

3.   The designation of Confidential Material as "Confidential" shall be made by stamping each page of the Confidential Material with the legend "Confidential" prior to its production. Confidential Material shall be kept confidential by the receiving parties and shall not be disclosed in any manner to any person, except as provided in this Order. Designations

shall be made in good faith and limited to information that, if improperly disclosed, has a risk of causing significant harm.

4. Whenever a deposition involves the disclosure of Confidential Material, the deposition or portions thereof shall be designated as "Confidential" and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as "Confidential" after transcription, provided written notice of the designation is given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

5. Except as otherwise required by law, and until further order of the Court, Confidential Material designated as "Confidential" pursuant to the terms of this Order shall be disseminated or disclosed only to the following persons:

   a. Any party to this Litigation, solely to the extent necessary to assist in the conduct of the Litigation in accordance with the terms of this Order;

   b. Attorneys employed or retained by a party to this Litigation and the attorneys' staff, consultants, contractors and vendors who are providing services directly related to the Litigation;

   c. Officers, directors, representatives, and employees of a party who are directly involved in this Litigation, including in-house counsel and representatives of a party's insurer;

   d. The Court and its employees, including court reporters or others associated with the Court through the trial of this Litigation; and

   e. Witnesses (either at deposition or at trial), solely to the extent necessary to assist in the conduct of the Litigation and in accordance with the terms of this Order.

   f. Experts and consultants who are necessary to assist counsel in the conduct of this Litigation, and their staff employees and colleagues working within the same office or practice; provided, however, that Confidential Material shall not be

3

>disclosed to any expert or consultant, whether he testifies as a witness or not, unless the person receiving Confidential Material agrees to abide by the terms and conditions of this Order, by signing the confidentiality statement in the form attached as Exhibit A. All such acknowledgements shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

~~It is expressly understood and agreed that~~ no party will provide Confidential Material to any other person besides those listed above. Every person given access to Confidential Material shall be advised that the Confidential Material is being disclosed pursuant and subject to the terms of this Order and may not be disclosed other than pursuant to the terms of this Order.

6. This Order shall not be construed to prevent examination of any person as a witness at trial or during deposition. Moreover, this Order shall not be construed to prevent examination of any person as a witness at trial or during deposition concerning any Confidential Material that the witness had lawfully received prior to and apart from this lawsuit.

7. **A party may object to the designation of particular Confidential Material by giving written notice to the party designating the disputed material. The written notice shall identify the material to which the objection is made. If the parties cannot resolve the objection within fourteen days after the time the notice is received, it shall be the obligation of the party designating the material as "Confidential" to file an appropriate motion requesting that the court determine whether the disputed material should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed material shall be treated as "Confidential" under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed material shall lose its designation as "Confidential" and shall not thereafter be treated as "Confidential" in accordance with this Protective Order. In**

4

**connection with a motion filed under this provision, the party designating the material as "Confidential" shall bear the burden of establishing that good cause exists for the disputed material to be treated as "Confidential."**

~~Any party may challenge the confidential status of a document that has been produced by another party. If a Receiving Party objects to the classification of any document as "Confidential," the Receiving Party shall state its objection and the basis therefore in writing for each such document to the Producing Party, with notice to all parties. Within fourteen (14) days of receipt of such objection, the Producing Party shall reply in writing. Interested counsel shall then confer concerning any such dispute, and if an agreement cannot be reached, the Producing Party shall, within ten (10) days from the date either party declares an impasse (in writing to all parties), apply to the Court for a ruling to determine if a document (or category of documents) designated as "Confidential" is entitled to such status and protection. Pending a ruling by the Court on the motion, this Order shall remain in effect. Nothing in this Order should be construed to shift the burden away from a party claiming confidential status to prove to the Court that the materials are entitled to confidential status under the law. If the Producing Party fails to make application with the Court within the prescribed period, the specified materials will lose their confidential status.~~

8. This Order shall, absent written permission of the Producing Party, or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation, including without limitation any appeals. Counsel for the parties agree to be bound by this Order after the conclusion of the Litigation, as evidenced by their signatures below. At the termination of this Litigation, each receiving party shall return to (or dispose of as may be directed by)

counsel for the Producing Party, all Confidential Materials produced by that party and a copy of all agreements signed pursuant to Paragraph 3. Where the parties agree to destroy Confidential Materials, the destroying party shall provide all parties with an affidavit confirming the destruction.

9. Nothing contained in this Order, nor any action taken in compliance with it, shall: (1) operate as an admission by the Producing Party that the Confidential Material is admissible in evidence or at trial; or (2) prevent the Producing Party from using or disclosing the Confidential Material for any purpose. If the Producing Party makes the material public, the material will lose its protection under this Order.

~~10     In the event that any Confidential Material is used in any court proceeding in this Litigation or any appeal therefrom, other than as admitted evidence, said Confidential Material shall not lose its status as Confidential Material through such use except as provided for in D.C. Colo. LCivR.7.2B.~~

11. This Order shall govern all documents, information, and other materials designated by the Producing Party to be "Confidential," as specifically defined by this Order, unless a separate protective order has been entered to specifically address a document or category of documents, in which case the more specific protective order will govern.

12. In the event additional parties join or are joined in this Litigation, they shall also be bound by this order.

13. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated November 14, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

**APPROVED AS TO FORM:**

| | |
|---|---|
| /s/ John H. Martin | /s/ Henry Brotherton Goddard, Jr. |
| John H. Martin | Henry Brotherton Goddard, Jr. |
| Attorney-in-charge | Senior Trial Counsel |
| Texas State Bar No. 13086500 | Colleen L. Conlin |
| Jennifer P. Henry | Edmund Ferguson |
| Texas State Bar No. 15859500 | Trial Attorneys |
| David C. Schulte | |
| Texas State Bar No. 24037456 | U.S. Department of Justice |
| THOMPSON & KNIGHT LLP | Torts Branch, Civil Division |
| 1722 Routh Street, Suite 1500 | P.O. Box 14271 |
| Dallas, Texas 75201-2533 | Washington, D.C. 20044-4271 |
| 214-969-1700 | (202) 616-4055 |
| Fax: 214-969-1751 | Fax: (202) 616-4002 |
| John.Martin@tklaw.com | Henry.Goddard@usdoj.gov |
| Jennifer.Henry@tklaw.com | Colleen.Conlin@usdoj.gov |
| David.Schulte@tklaw.com | Edmund.Ferguson@usdoj.gov |
| | |
| Mark Thomas Clouatre | Mark S. Pestal |
| Habib Nasrullah | Assistant United States Attorney |
| WHEELER TRIGG O'DONNELL, LLP | mark.pestal@usdoj.gov |
| 1801 California Street, Suite 3600 | |
| Denver, CO 80202-2617 | Mark Tomicich, Of Counsel |
| 303-244-1800 | Federal Aviation Administration |
| Fax: 303-244-1879 | Litigation Division, AGC-400 |
| nasrullah@wtotrial.com | 600 Independence Avenue, S.W. |
| clouatre@wtotrial.com | Washington, D.C. 20591 |
| | (202) 385-8225 |
| COUNSEL FOR PLAINTIFF, | |
| GLOBAL AEROSPACE, INC. | COUNSEL FOR DEFENDANT, |
| | THE UNITED STATES OF AMERICA |

8

/s/ Frances Margaret Phares
Frances Margaret Phares
BAUM, HEDLUND, ARISTEI & GOLDMAN, P.C.
12100 Wilshire Blvd., Suite 950
Los Angeles, CA 90025
(310) 207-3233
Fax: (310) 820-7444
fphares@baumhedlundlaw.com

Patricia M. Jarzobski
LAW OFFICES OF PATRICIA M. JARZOBSKI, P.C.
501 South Cherry Street, #610
Denver, CO 80246-1328
(303) 322-3344
Fax: (303) 322-6644
zobski@msn.com

COUNSEL FOR PLAINTIFFS,
RANDY RESSLER, REGINA RESSLER,
ALBERT FELIPE AND MEAGAN FELIPE



/s/ Bruce A. Lampert
Bruce A. Lampert
KATZMAN, LAMPERT & MCCLUNE
9596 Metro Airport Ave., 2nd Fl
Broomfield, CO 80021-2731
(303) 465-3663
(303) 465-3884
blampert@klm-law.com

COUNSEL FOR PLAINTIFFS,
DANIELA ESCUDERO CONTAG, KEITH DALICK,
JULIE HART, DAVID KHADEM, EMMA KHADEM,
FRANCIS KHADEM, MINA KHADEM, ROBERT
MALLOY, JARED MARTIN, THUY NYUGEN, LAURA
RIVAS-VALERO, CAREY MEGAN SCHARFENSTINE,
GREYSON COLE SCHARFENSTINE, LLOYD COLIN
SCHARFENSTINE, MICHAEL STEVENS, ELIJAH
GABRIEL TREJOS, GABRIEL TREJOS, MARIA
TREJOS, JOLENE VARLEY, JAMES WARREN,
JESSICA WARREN

/s/ Jason Aaron Gibson
Jason Aaron Gibson
THE GIBSON LAW FIRM
4400 Louisiana Street
The Lyric Centre, Suite 2050
Houston, TX 77002
(713) 650-1010
Fax: (713) 650-1011
jag@jag-lawfirm.com

Bruce A. Lampert
KATZMAN, LAMPERT & MCCLUNE
9596 Metro Airport Ave., 2nd Fl
Broomfield, CO 80021-2731
(303) 465-3663
(303) 465-3884
blampert@klm-law.com

COUNSEL FOR PLAINTIFFS,
KRISTINA BEAGLE, MELISSA CRAFT, AUBREY
DEMPSEY, CRYSTAL DEMPSEY, DEBRALYNN
DEMPSEY, ALEXANDER GORHAM, NICHOLAS
HAMRA, KENNETH KELLY, LEAH KELLY, SANDRA
KELLY, JACLYN MCLEAN, JAMES E. MCLEAN,
JAMES E. MCLEAN, JR., JOSEF MCLEAN, THERESA
MCLEAN, JESSICA MUTSCHLER, EMILY
PELLEGRINI, GERARDO IVAN RANERO, A MINOR,
MARK REYNA, GLORIA SANCHEZ, DANIEL
TAKAMI

EXHIBIT A

[Name and Address of
Proposed Recipient of
Confidential Material]

[Name and Address of Counsel
Proposing to Show Confidential
Material to a Third Party]

Re:   Civil Action No. 1:10-cv-03050-REB-BNB (Consolidated with Civil Action Nos. 10-cv-03051-REB-BNB, 11-cv-01832-REB-BNB, 11-cv-01874-REB-BNB, and 11-cv-02253-REB-BNB), *Regina Ressler, and Randy Ressler, et al v. United States of America* pending in the United States District Court for the District of Colorado

Dear Counsel:

You have proposed to disclose to me the confidential and/or proprietary information, which has been designated as "Confidential" in the above-referenced litigation. This will acknowledge:

I have reviewed a copy of the Confidentiality Agreement and Protective Order (the "Order") in the above-referenced action.

I agree to comply with the Order in all respects.

I hereby submit to the jurisdiction of the United States District Court for the District of Colorado, for adjudication of any dispute about whether I have complied with the Order.

[Signature of Proposed Recipient of the confidential
and/or proprietary information]