# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Action No. 10-cv-03050-REB-BNB
(Consolidated with Civil Action Nos. 10-cv-03051-REB-BNB, 11-cv-01832-REB-BNB, 11-cv-01874-REB-BNB, and 11-cv-02253-REB-BNB)

REGINA RESSLER, and
RANDY RESSLER,

    Plaintiffs,

v.

THE BOEING COMPANY, INC.,
BE AEROSPACE, INC., and
BURNS AEROSPACE CORPORATION,

    Defendants.

---

Civil Action No. 11-cv-02894-CMA-MJW

MARY BETH FINNEGAN,

    Plaintiffs,

v.

THE UNITED STATES OF AMERICA,

    Defendant.

---

Civil Action No. 11–cv–02895–PAB-MJW

JOE M. GLASSER,
ARLEYNE L. GLASSER,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

## ORDER GRANTING MOTION TO CONSOLIDATE

**Blackburn, J.**

The matter before me is the **Unopposed Motion To Consolidate by Defendant United States of America** [#112][1] filed November 22, 2011. I grant the motion.

The determination whether to consolidate cases is governed by Rule 42(a) of the Federal Rules of Civil Procedure, which provides, pertinently:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

**FED. R. CIV. P.** 42(a).[2] This rule allows the court "to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." ***Breaux v. American Family Mutual Insurance Co.***, 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 C. WRIGHT & A. MILLER, **FEDERAL PRACTICE AND PROCEDURE** § 2381 at 427 (2nd ed. 1995)). The decision whether to consolidate cases is committed to my sound discretion. ***Shump v. Balka***, 574 F.2d 1341, 1344 (10th Cir. 1978).

The cases addressed in the motion to consolidate all arise from the crash of Continental Airlines Flight 1404 at Denver International Airport on December 20, 2008.

---

[1] "[#112]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] As the district judge to whom the oldest numbered case involved in the proposed consolidation is assigned for trial, the question whether to consolidate these matters falls to me for determination. *See* **D.C.COLO.LCivR** 42.1.

The airplane crashed when it was attempting to takeoff.  The cases previously consolidated with *Ressler v. Boeing, et al.*, Civil Action No. 10-cv-03050-REB-BNB, all concern, *inter alia*, products liability claims asserted against manufacturers involved in the construction of the crash aircraft and/or the alleged negligence of the Federal Aviation Administration (FAA) in relation to the crash.  The *Ressler* plaintiffs allege that the FAA was negligent when it failed to disseminate proper wind information to the pilots of the crash aircraft just prior to the attempted takeoff of the crash aircraft.  Based on the FAA's alleged negligence, the United States was added as a defendant after the *Ressler* plaintiffs' administrative claims concerning their negligence claim against the United States were denied or deemed denied.  Three cases previously consolidated with the *Ressler* case involve negligence claims against the United States concerning the crash of Flight 1404.  The two cases that the United States now seeks to consolidate with the *Ressler* case also involve negligence claims against the United States concerning the crash of Flight 1404.

Common questions of law and fact predominate in these four cases such that consolidation will be appropriate and efficacious.  To the extent the product liability claims in the Ressler case require treatment different from the FTCA claims against the United States, such different treatment can be accomplished in a consolidated case.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Unopposed Motion To Consolidate by Defendant United States of America** [#112] filed November 22, 2011, is **GRANTED**;

3

2. That under Fed. R. Civ. P. 42(a)(2) and D.C.COLO.LCivR 42.1, *Finnegan v. United States*, Civil Action No. 11-cv-02894-CMA-MJW, and *Glasser v. United States*, Civil Action No. 11-cv-02895-PAB-MJW, are **CONSOLIDATED** with Civil Action No.10-cv-03050-REB-BNB for all purposes;

3. That under D.C.COLO.LCivR 42.1, Civil Action No.11-cv-02894-CMA-MJW and Civil Action No. 11-cv-02895-PAB-MJW are **REASSIGNED** to United States District Judge Robert E. Blackburn and United States Magistrate Judge Boyd N. Boland; 4. That all future filings in these consolidated actions shall be captioned as shown below:

---

Civil Action No. 10-cv-03050-REB-BNB
(Consolidated with Civil Action Nos.10-cv-03051-REB-BNB, 11-cv-01832-REB-BNB, 11-cv-01874-REB-BNB,11-cv-02253-REB-BNB, 11-cv-02894-REB-BNB, and 11-cv-02895-REB-BNB)

REGINA RESSLER, and
RANDY RESSLER,

    Plaintiffs,

v.

THE BOEING COMPANY, INC.,
BE AEROSPACE, INC.,
BURNS AEROSPACE CORPORATION, and
THE UNITED STATES OF AMERICA,

    Defendants.

---

Dated December 16, 2011, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge