IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-03050-REB-BNB
(Consolidated with Civil Action Nos. 10-cv-03051-REB-BNB, 11-cv-01832-REB-BNB,
11-cv-01874-REB-BNB, 11-cv-02253-REB-BNB, 11-cv-02894, 11-cv-02895,
11-cv-03069-REB-BNB, and 11-cv-03070-REB-BNB)

REGINA RESSLER, and
RANDY RESSLER,

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.
_____

**ORDER
AND PROTECTIVE ORDER**
_____

This matter arises on the **United States' Motion for Release of Cockpit Voice Recorder** [Doc. # 171, filed 7/2/2012](the "Motion for Release"), which is GRANTED subject to the protective terms specified here.

Discovery of a cockpit voice recorder recording is regulated by statute at 49 U.S.C. § 1154. As applicable here, a cockpit voice recorder recording may be disclosed through discovery only pursuant to a court order following the court's in camera review of the recording and upon findings hat the transcript "do[es] not provide the party with sufficient information for the party to receive a fair trial" and "discovery of the . . . recording is necessary to provide the party with sufficient information for the party to receive a fair trial." 49 U.S.C. §1154(a)(3).

Here, the United States argues that the transcript of the recording is insufficient and that

it must be allowed to discover the recording in order to receive a fair trial because: (1) the recording reveals "two sounds ('snaps') that are not identified"; (2) the United States' pilot expert has requested to listen to the recording and "believes that it may contain information pertinent to his evaluation of the crew's actions during the accident takeoff"; (3) plaintiff Global Aerospace's pilot expert has listened to the recording and "agreed . . . that data or information obtained from the [recording] could be helpful in analyzing what is occurring in the cockpit"; (4) certain statements made by the pilots have not been individually attributed in the transcript; and (5) certain plaintiffs (including the flight's captain, David Butler) and their counsel have listened to the recording, but the United States has not had a similar opportunity. Significantly, there is no objection to the request of the United States to be allowed to discover the recording.

I agree that under these circumstances the transcript of the recording does not provide the United States with sufficient information for it to receive a fair trial absent discovery of the recording and discovery of the recording is necessary to provide the United States with sufficient information to receive a fair trial.

Where, as here, a court allows discovery of the cockpit voice recorder recording, section 1154(a)(4) requires that the court impose a protective order limiting the use of the recording to the judicial proceedings and prohibiting dissemination of the recording to any person that does not need access to the recording for the proceeding. 49 U.S.C. § 1154(a)(4)(A).

IT IS ORDERED:

(1) The Motion for Release [Doc. # 171] is GRANTED;

(2) The defendants shall promptly produce a copy of the cockpit voice recorder recording to the United States in a manner as the parties may agree; and

(3)     The United States may use the cockpit voice recorder recording only in connection with this proceeding and for no other purpose and may not disseminate the cockpit voice recorder recording to any person that does not need access to it for purposes of this proceeding.  All persons given access to the cockpit voice recorder recording in connection with this proceeding shall execute a certification, in a form agreed to by the parties, confirming his or her understanding of this Order and Protective Order and containing his or her agreement to abide by the requirements of this Order and Protective Order.  Any request to restrict access to a court filing containing the cockpit voice recorder recording or any portion of it shall comply with the requirements of 49 U.S.C. §1154(a)(4)(B) and D.C.COLO.LCivR7.2.

Dated August 3, 2012.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge