IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-03050-REB-BNB
(Consolidated with Civil Action Nos. 10-cv-03051-REB-BNB, 11-cv-01832-REB-BNB,
11-cv-01874-REB-BNB, 11-cv-02253-REB-BNB, 11-cv-02894, 11-cv-02895,
11-cv-03069-REB-BNB, and 11-cv-03070-REB-BNB)

REGINA RESSLER, and
RANDY RESSLER,

Plaintiffs,

v.

UNITED STATES OF AMERICA,

Defendant.
_____

**ORDER**
_____

This matter arises on **Plaintiff Global Aerospace, Inc.'s Motion to Compel [etc.]** [Doc. # 168, filed 6/14/2012] (the "Motion to Compel"), which is GRANTED IN PART and DENIED IN PART as specified.

The Motion to Compel addresses one production request and two topics to be covered in a Rule 30(b)(6) deposition of the Federal Aviation Administration. The production request calls for all documents related to the FAA's response to NTSB Safety Recommendation A-10-107. Motion to Compel [Doc. # 168] at p. 7. The Rule 30(b)(6) topics request a deponent or deponents able to testify about (i) all information the FAA has gathered to assess NTSB Safety Recommendation A-10-107 and (ii) the activities and efforts the FAA has undertaken to date to assess NTSB Safety Recommendation A-10-107. Id. at p. 8.

The United States objects to the disputed discovery asserting, among other things, the deliberative process privilege. Id. at p. 7. Importantly, however, Global does not challenge the assertion of a privilege, stating:

> In this motion, Global is not claiming that the safety recommendation itself is admissible, nor is it trying to discover the FAA's deliberative processes. Those issues might be raised at a later time, but they are not before the court now. The discovery request and this motion seek only the *factual information* gathered by the FAA that is responsive to the question of whether it is advisable to provide pilots with the maximum wind component, including gusts, that the flight could encounter.

Id. at pp. 6-7 (original emphasis). It is not disputed that purely factual material is not subject to the deliberative process privilege. Silverstein v. Federal Bureau of Prisons, 2009 WL 4949959 at *7 (D. Colo. Dec. 14, 2009); Motion to Compel [Doc. # 168] at p. 8; Response [Doc. # 172] at p. 6.

## I. The Production Request

The United States asserts in its Response and has provided evidence that it has produced all purely factual information "that was reasonably susceptible to segregation" and that it is "not aware of any non-deliberative material that has been gathered in the FAA's ongoing consideration of safety recommendation A-10-107 that has been withheld." Response [Doc. # 172] at p. 11; Declaration of Michael P. Huerta [Doc. # 172-1] (the "Huerta Decl.") at ¶6. I cannot compel the production of materials that do not exist.

Global has replied with a new request--that I "review the withheld and redacted documents *in camera* to assess whether they satisfy the criteria of the deliberative process privilege," Reply [Doc. # 180] at p. 4--arguing:

2

> [T]he FAA recently proposed a change to the FAA Air Traffic Control Handbook (FAAO 7110.65) to make it clear that gusts are components of the term "wind" (as it is used in FAA procedures) and directing controllers to include gust information when issuing the surface winds to flight crews. . . . While the change is not an adoption of NTSB Safety Recommendation A-10-107, it addresses part of the issue raised by the NTSB (the reporting of gusts) and referenced the Safety Recommendation in the "Background" section of the Document Change/Briefing Sheet. . . .
>
> The absence of any documents in Defendant's production reflecting any factual findings or information that support--or even discuss--this proposed change raises questions about the Defendant's extensive redactions and assertions of privilege.

Id. at p. 2.

In United States v. Zolin, 491 U.S. 554 (1989), the Supreme Court addressed, in the context of the crime-fraud exception to the attorney-client privilege, the circumstances under which a trial court should conduct an in camera review:

> Before engaging in in camera review to determine the applicability of the crime-fraud exception, the judge should require a showing of a factual basis adequate to support a good faith belief by a reasonable person that in camera review of the materials may reveal evidence to establish the claim that the crime-fraud exception applies.
>
> Once that showing is made, the decision whether to engage in in camera review rests in the sound discretion of the district court. The court should make that decision in light of the facts and circumstances of the particular case, including, among other things, the volume of materials the district court has been asked to review, the relative importance to the case of the alleged privileged information, and the likelihood that the evidence produced through in camera review, together with other available evidence then before the court, will establish that the crime-fraud exception does apply.

Id. at 572 (internal quotation and citations omitted).

Although the Supreme Court described the burden on the party seeking an in camera

review as not a stringent one, neither is it a foregone conclusion that in camera review should occur in every case. Specifically, the Court noted:

> There is no reason to permit opponents of the privilege to engage in groundless fishing expeditions, with the district courts as their unwitting (and perhaps unwilling) agents. . . . Indeed, the Government conceded at oral argument (albeit reluctantly) that a district court would be mistaken if it reviewed documents in camera solely because the government begged it to do so, with no reason to suspect crime or fraud.

Id. at 571 (internal quotations and citation omitted).

Applying Zolin, courts have held that "[b]efore determining whether in camera review is proper, there must first be sufficient evidentiary showing which creates a legitimate issue as to the application of the privilege asserted." See, e.g., Mounger v. The Goodyear Tire & Rubber Co., 2000 WL 33712198 at *2 (D. Kan. Sept. 22, 2000). A broad, sweeping assertion that all documents alleged to be privileged should be reviewed in camera is insufficient to justify the review. Calder v. Blitz U.S.A., Inc., 2010 WL 924261 at *1 (D. Utah March 11, 2010). Instead, the party seeking an in camera review must "identify each specific document at issue and provide arguments about each document to persuade the court that it is necessary to . . . perform an in camera review to determine" whether it is subject to the claimed privilege. Id.

The United States has provided a seven page privilege log identifying documents withheld from production or redacted based on the deliberative process privilege. The defendants' generalized argument that a separate change to the FAA Air Traffic Control Handbook concerning wind gusts "raises questions about the Defendant's extensive redactions and assertions of privilege," Reply [Doc. # 180] at p. 2, does not persuade me that an in camera review of all of the withheld and redacted materials is necessary or appropriate.

## II.  The Rule 30(b)(6) Topics

First, I interpret the Motion to Compel to limit the subject of the Rule 30(b)(6) topics to inquire about only factual information and not to challenge the government's assertion of the deliberative process privilege.  Even with that limitation, however, the United States still opposes the deposition topics arguing that "any factual material that could be provided in a deposition is so inextricably intertwined with the FAA's deliberative considerations that it would be unduly burdensome to prepare a witness for and defend such a deposition."  Response [Doc. # 172] at pp. 12-13.  I am not persuaded.

The United States relies on the ruling in Securities and Exchange Comm'n v. Nacchio, 614 F. Supp. 2d 1164, 1178 (D. Colo. 2009), in support of its burden argument.  There, the court quashed a subpoena based on the "generalized nature of the issues listed in [the defendant's] notice," concluding that rather than there being "plenty of questions [to ask] . . . which would not intrude on a privilege," the questions constantly would implicate the work product immunity.  Id. at 1178.  See Response [Doc. # 172] at pp. 13-14.

What was true in Nacchio is not necessarily the case here. It is difficult in the abstract to say that there are essentially no areas of inquiry by Global which would not invade the deliberative process privilege asserted by the United States.  To the contrary, it takes little imagination to envision questions concerning the FAA's fact gathering about wind information that should be provided by controllers to pilots which are not subject to the asserted deliberative process privilege.  For example, Global might inquire about whether there has been any fact gathering; who did it; when it was done; where it is reported, if at all; how it was conducted;

what inquiry was made and of whom; why the inquiry has taken so long; and the like.  Global might also test the assertion of the deliberative process privilege with respect to particular documents withheld or redacted by the United States and identified on its privilege log.  Of course, the United States may object and instruct a witness not to answer where inquiry crosses the line from permissible discovery to seeking privileged information.

Although the NTSB Safety Recommendation may not be admissible, the factual information gathered by the FAA responsive to the question of whether to provide pilots with maximum wind gusts may be relevant and inquiry about the fact gathering process utilized by the FAA may lead to the discovery of admissible evidence.  Consequently, the Rule 30(b)(6) topics concern discoverable information.

IT IS ORDERED that the Motion to Compel [Doc. # 168] is GRANTED IN PART and DENIED IN PART as follows:

• GRANTED to require the FAA to produce a deponent or deponents to testify about topics 9 and 10 to the plaintiffs' Rule 30(b)(6) deposition notice insofar as those topics concern factual information and not the government's deliberative processes; and

• DENIED in all other respects.

Dated August 6, 2012.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge