**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-03050-REB-BNB
(Consolidated with Civil Action Nos. 10-cv-03051-REB-BNB, 11-cv-01832-REB-BNB, 11-cv-01874-REB-BNB, 11-cv-02253-REB-BNB, 11-cv-02894-REB-BNB, 11-cv-02895-REB-BNB, 11-cv-03069-REB-BNB, and 11-cv-03070-REB-BNB)

REGINA RESSLER, and
RANDY RESSLER,

    Plaintiffs,

v.

THE UNITED STATES OF AMERICA,

    Defendant.

## ORDER GRANTING MOTION TO BIFURCATE TRIAL

**Blackburn, J.**

This matter is before me on the parties' **Joint Motion for Bifurcated Trial and Request for Trial Setting** [#110][1] filed November 15, 2011. The parties seek bifurcation of the trial in this case into a liability phase and a damage phase.

Under Fed. R. Civ. P. 42(b), I may order a separate trial of any claim to avoid prejudice, or to further convenience or economy, always preserving inviolate the parties' Seventh Amendment right to trial by jury. "The district courts have broad discretion in deciding whether to sever issues for trial and the exercise of that discretion will be set aside only if clearly abused." *Green Construction Co. v. Kansas Power & Light Co.*, 1 F.3d 1005, 1011 (10th Cir. 1993) (internal quotation and citation omitted).

---

[1] "[#110]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

Bifurcation is the exception, not the rule.  FED. R. CIV. P. 42(b), Advisory Committee Notes (noting that "separation of issues for trial is not to be routinely ordered").  Generally, bifurcation is appropriate only when the issues clearly are separable.  ***Angelo v. Armstrong World Industries, Inc***., 11 F.3d 957, 964 (10th Cir. 1993).  "[T]he presumption is that the plaintiff, in a typical case, should be allowed to present her case in the order she chooses.  The burden is on the [movant] to convince the court that a separate trial is proper in light of the general principle that a single trial tends to lessen the delay, expense and inconvenience to all parties." ***Patten v. Lederle Laboratories***, 676 F.Supp. 233, 238 (D. Utah 1987) (citation and internal quotation marks omitted).

In these consolidated cases, I conclude that bifurcation is appropriate.  There are 47 plaintiffs in this case.  In general, the plaintiffs assert the same bases of liability against the defendant.  However, the damages claimed by each of the plaintiffs vary significantly.  In these circumstances, it would be most efficient to conduct a separate trial on liability first.  If the defendant is found to be liable, then separate trials on the damages claims of the plaintiffs would be more efficient than a joint trial of 47 damages claims.

**THEREFORE, IT IS ORDERED** as follows:

1. That the parties' **Joint Motion for Bifurcated Trial and Request for Trial Setting** [#110] filed November 15, 2011, is **GRANTED** on the terms stated in this order;

2. That the court shall conduct a trial on issues of liability before conducting a trial or trials on issues of damages;

3. That counsel are instructed to contact the court's administrative assistant, **Susan Schmitz, at (303) 335-2350** on **Tuesday, September 25, 2012, at 10:30 a.m.**,

to schedule a trial preparation conference and trial to the court on the issues of liability only.

Dated September 17, 2012, at Denver, Colorado.

**BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge

.