**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-03050-REB-BNB
(Consolidated with Civil Action Nos. 10-cv-03051-REB-BNB, 11-cv-01832-REB-BNB, 11-cv-01874-REB-BNB, 11-cv-02253-REB-BNB, 11-cv-02894-REB-BNB, 11-cv-02895-REB-BNB, 11-cv-03069-REB-BNB, and 11-cv-03070-REB-BNB)

REGINA RESSLER, and
RANDY RESSLER,

    Plaintiffs,

v.

THE UNITED STATES OF AMERICA,

    Defendant.

## ORDER GRANTING MOTION TO STRIKE

**Blackburn, J.**

This matter is before me on the **Defendant United States' Motion to Strike Exhibit B (Document 114-2), National Transportation Safety Board Accident Report and All References Thereto in Mclean Plaintiffs' Response to the United States of America's Motion to Dismiss** [#115][1] filed December 12, 2011. The McLean plaintiffs, against whom the motion is directed, filed a response [#134], and the United States filed a reply. I grant the motion.

This case concerns claims against the United States under the Federal Tort Claims Act (FTCA). The plaintiffs' claims are based on the crash of a commercial airliner in Denver, Colorado on December 20, 2008. The plaintiffs allege that the

---

[1] "[#115]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

negligence of the United States, in the form of the Federal Aviation Administration (FAA), caused the crash and the plaintiffs' injuries. The United States filed a motion to dismiss [#93] the claims of plaintiffs James McLean, Theresa McLean, Jaclyn McLean, Josef McLean. According to the United States, the McLean plaintiffs' claims forever are barred because the United States did not receive the administrative claims of these plaintiffs until more than two years after their claims accrued. Under 28 U.S.C. § 2401(b), a "tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ."

In their response [#114] to the motion to dismiss, the McLean plaintiffs argue that their claims against the United States did not accrue on the day of the crash. According to the McLean plaintiffs, their claims did not accrue until April 20, 2009. On April 20, 2009, the National Transportation Safety Board (NTSB) released its first factual report concerning the crash. Via this report, the McLean plaintiffs argue, they first learned critical facts showing the culpability of the United States for their injuries. The McLean plaintiffs attached a copy of the April 20, 2009, report to their response to the motion to dismiss. *Response* [#114], Exhibit A [#114-1]. In addition, the McLean plaintiffs attached to their response portions of the NTSB's final Accident Report, which was issued July 13, 2010. *Response* [#114], Exhibit B [#114-2].

In its motion to strike [#115], the United States contends that Exhibit B [#114-2] must be stricken because the use in litigation of a final accident report of the NTSB is prohibited by statute and regulation. Under 49 U.S.C. § 1154(b), "(n)o part of a report of the [NTSB], related to an accident or an investigation of an accident, may be admitted into evidence or used in a civil action for damages resulting from a matter mentioned in

2

the report."

A related federal regulation, 49 C.F.R. § 835.2, provides additional detail. Under this regulation, a

> Board accident report means the report containing the Board's determinations, including the probable cause of an accident, issued either as a narrative report or in a computer format ("briefs"of accidents). Pursuant to section 701(e) of the Federal Aviation Act of 1958 (FA Act), and section 304(c) of the Independent Safety Board Act of 1974 (49 U.S.C. 1154(b)) (Safety Act), no part of a Board accident report may be admitted as evidence or used in any suit or action for damages growing out of any matter mentioned in such reports.

However, a factual accident report receives different treatment under 49 C.F.R. § 835.2.

> Factual accident report means the report containing the results of the investigator's investigation of the accident. The Board does not object to, and there is no statutory bar to, admission in litigation of factual accident reports. In the case of a major investigation, group chairman factual reports are factual accident reports.

Applying these definitions, Exhibit A to the plaintiffs' response [#114] to the motion to dismiss is a factual accident report, and Exhibit B is part of a board accident report.

The McLean plaintiffs argue that 49 C.F.R. § 835.2 bars the use of NTSB final reports "only as they relate to the Board's determinations and probable cause findings. However, it does not preclude Plaintiffs from making factual statements about the existence of Final Reports no factual statements about the Report." *Response* [#134], p. 3. The final report properly may be considered, the McLean plaintiffs contend, to determine the date when the report was released to the public. *Id.*

By attaching a copy of the NTSB's final Accident Report to their response to the motion to dismiss, the McLean plaintiffs seek to use the report in this civil suit. Such use is contrary to both the statute and regulation, which prohibit the use of such reports in a civil action for damages. I note, however, that the United States does not seek to

bar the use of Exhibit 1 to the plaintiffs' response [#114-1].  Exhibit 1 is a factual report, as that term is defined in 49 C.F.R. § 835.2, and its use is permissible.

       **THEREFORE, IT IS ORDERED** as follows:

       1.  That the **Defendant United States' Motion to Strike Exhibit B (Document 114-2), National Transportation Safety Board Accident Report and All References Thereto in Mclean Plaintiffs' Response to the United States of America's Motion to Dismiss** [#115] filed December 12, 2011, is **GRANTED**;

       2.  That Exhibit B [#114-2] to the McLean plaintiffs' response [#114] to the defendant's motion to dismiss [#93], and all references thereto in the response [#114], are **STRICKEN**; and

       3.  That the court shall not consider Exhibit B [#114-2] or any reference thereto when resolving the defendant's motion to dismiss [#93].

       Dated September 19, 2012, at Denver, Colorado.

       **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge