**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-03050-REB-BNB
(Consolidated with Civil Action Nos. 10-cv-03051-REB-BNB, 11-cv-01832-REB-BNB, 11-cv-01874-REB-BNB, 11-cv-02253-REB-BNB, 11-cv-02894-REB-BNB, 11-cv-02895-REB-BNB, 11-cv-03069-REB-BNB, and 11-cv-03070-REB-BNB)

REGINA RESSLER, and
RANDY RESSLER,

    Plaintiffs,

v.

THE UNITED STATES OF AMERICA,

    Defendant.

**ORDER GRANTING MOTION TO DISMISS
(This order applies to Civil Action No. 11-cv-02253.)**

**Blackburn, J.**

This matter is before me on the **Defendant United States of America's Motion to Dismiss Claims of McLean Plaintiffs** [#93][1] filed November 7, 2011. The McLean plaintiffs filed a response [#114], and the United States filed a reply [#116]. I grant the motion.

**I. JURISDICTION**

I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question) and under 28 U.S.C. § 1346(b)(1) (Federal Tort Claims Act).

**II. STANDARD OF REVIEW**

The United States' motion to dismiss raises issues under Fed. R. Civ. P.

---

[1] "[#93]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

12(b)(1). A motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) may consist of either a facial or a factual attack on the complaint. ***Holt v. United States***, 46 F.3d 1000, 1002 (10th Cir. 1995). Here, the United States presents a factual attack. When reviewing a factual attack on subject matter jurisdiction, I may not presume the truthfulness of the complaint's factual allegations. ***Id***. at 1003. Further, I may consider affidavits and other documents to resolve disputed jurisdictional facts, without converting the motion to dismiss to a motion for summary judgment.. ***Id***. The plaintiff bears the burden of establishing that subject matter jurisdiction exists. ***Henry v. Office of Thrift Supervision***, 43 F.3d 507, 512 (10th Cir. 1994).

### III.  ANALYSIS

This case concerns claims against the United States under the Federal Tort Claims Act (FTCA). The United States' motion to dismiss [#93] concerns the claims of plaintiffs James McLean, Theresa McLean, Jaclyn McLean, Josef McLean (the McLean plaintiffs). Initially, the McLean plaintiffs brought their FTCA claims in Civil Action No. 11-cv-02253. That case is one of several cases now consolidated under Civil Action No. 10-cv-03050. The McLean plaintiffs' claims are based on the crash of a commercial airliner in Denver, Colorado, on December 20, 2008. The plaintiffs allege that the negligence of the United States, acting in the guise of the Federal Aviation Administration (FAA), caused the crash and the plaintiffs' injuries. The plaintiffs allege the FAA was negligent when it failed to provide proper wind information to the pilots of the airplane.

According to the United States, the McLean plaintiffs' FTCA claims are barred

because the United States did not receive the administrative claims of the McLean plaintiffs until more than two years after their claims accrued. Under 28 U.S.C. § 2401(b), a "tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ." The presentment requirement of § 2401 is not satisfied until the claim is received by the appropriate agency. ***Anderberg v. U.S.***, 718 F.2d 976, 977 (10th Cir. 1983) (concerning request for reconsideration of a denial of an administrative claim). As the ***Anderberg*** court noted, 28 C.F.R. § 14.2(a) provides:

> For purposes of the provisions of 28 U.S.C. § 2401(b) ... a claim shall be deemed to have been presented when a Federal agency receives from a claimant ... an executed Standard Form 95 or other written notification of an incident ... accompanied by a claim for money damages in a sum certain ....

***Anderberg***, 718 F.2d at 977.

On December 20, 2010, exactly two years after the crash, the McLean plaintiffs mailed their administrative claims to the Federal Aviation Administration (FAA). The FAA received the claims on December 28, 2010. The FAA rejected the claims as untimely. If the claims received by the FAA on December 28, 2010, are to be considered to be timely under § 2401(b), the McLean plaintiffs' claims must have accrued on or after December 28, 2008, the date two years prior to the FAA's receipt of the McLean plaintiffs' claims. The United States contends that the plaintiffs' claims accrued on the day of the crash, December 20, 2008. If under the applicable law December 20, 2008, is the lawful accrual date, then the McLean plaintiffs' claims were presented to the FAA more than two years after those claims accrued.

In their response [#114] to the motion to dismiss, the McLean plaintiffs argue that their claims against the United States did not accrue on the day of the crash. According to the McLean plaintiffs, their claims did not accrue until April 20, 2009. On April 20, 2009, the National Transportation Safety Board (NTSB) released its first factual report concerning the crash. Via this report, the McLean plaintiffs argue, they first learned critical facts showing the culpability of the United States for their injuries. The McLean plaintiffs attached a copy of the April 20, 2009, report to their response to the motion to dismiss. *Response* [#114], Exhibit A [#114-1].

Under § 2401, accrual of a claim does not "await awareness by the plaintiff that his injury was negligently inflicted." **U.S. v. Kubrick**, 444 U.S. 111, 123 (1979).

> A plaintiff such as Kubrick, armed with the facts about the harm done to him, can protect himself by seeking advice in the medical and legal community. To excuse him from promptly doing so by postponing the accrual of his claim would undermine the purpose of the limitations statute, which is to require the reasonably diligent presentation of tort claims against the Government.

*Id*.

Addressing accrual of a FTCA claim based on an airplane crash, the United States Court of Appeals for the Sixth Circuit concluded as follows:

> Plane crashes by their nature typically involve negligence somewhere in the causal chain; and the mere fact of the event is thus typically enough to put the plaintiff on inquiry notice of his claim. If the record further reveals that the plaintiff "should have been able to determine in the two-year period whether to file an administrative claim [,]" **McIntyre**, 367 F.3d [38] at 53 [1st Cir. 2004], then there is no reason to depart from the general rule that accrual occurs upon injury.

**Hertz v. U.S.**, 560 F.3d 616, 619 (6th Cir. 2009). In **Hertz**, a NTSB investigator told the plaintiff, one month after the airplane crash, that the cause of the crash was related to

4

air traffic controller negligence. However, for some reason, the plaintiff did not file her FTCA claim within "the remaining 22 months of the period prescribed by Congress." *Id*.

In the present case, the crash occurred and the McLean plaintiffs were injured on December 20, 2008. According to the plaintiffs, they first learned on April 20, 2009, that air traffic controller negligence may have been a cause of the crash. This information came to light, according to the plaintiffs, in the NTSB's first factual report about the crash. As in *Hertz*, for some reason the McLean plaintiffs did not file their FTCA claim within the remaining 20 months of the period prescribed by Congress in § 2401.

Given the requirement of § 2401, as construed in *Kubick*, *Andberg*, and *Hertz*, I find and conclude that the McLean plaintiffs' claims accrued on the day of the crash, December 20, 2008. Their administrative claims were not presented to the FAA until December 28, 2010, more than two years after their claims accrued. Under § 2401(b), their FTCA claims are "forever barred" because their claims were not "presented in writing to the appropriate Federal agency within two years after" their claims accrued. 28 U.S.C. § 2401(b).

## IV.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Defendant United States of America's Motion to Dismiss Claims of McLean Plaintiffs** [#93] filed November 7, 2011, is **GRANTED**;

2. That under FED. R. CIV. P. 12(b)(1), the claims of plaintiffs James McLean, Theresa McLean, Jaclyn McLean, and Josef McLean, brought under the Federal Tort Claims Act, are **DISMISSED** with prejudice;

3.  That plaintiffs James McLean, Theresa McLean, Jaclyn McLean, and Josef McLean, are **DROPPED** as plaintiffs in Civil Action No. 11-cv-02253, which is consolidated with Civil Action No. 10-cv-03050, and the caption in Civil Action No. 11-cv-02253 shall be **AMENDED** accordingly.

Dated September 20, 2012, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge